## BELMONT v. ANDREWS et al.
### No. 6025.

Court of Appeals of the District of Columbia.
Argued Feb. 9, 1934.
Decided March 5, 1934.

Norman B. Frost, of Washington, D. C., for appellant.

Benjamin S. Minor, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Under the will of Frank W. Andrews, which was admitted to probate in the District of Columbia on July 8, 1903, there was devised and bequeathed to his wife during her life the use and income of the residue of his estate. At the death of the wife (November 22, 1914), there was devised and bequeathed the residue of testator's estate (except a few family articles), in trust, during the lives of his two sons, Paul A. Andrews and Walter S. Andrews, and during the life of the survivor.

The will then directed: "* * * And my trustees shall dispose of the net rents and income of said trust property arising before the conveyance just directed [the ultimate disposition of the estate], as follows: They shall pay the said net rents and income during the continuance of this trust by equal quarter yearly payments in every year in equal shares to such of my said two sons as may be living at the time of payment and to the lawful issue then living of either of my said two sons who has then deceased (whether such my son have died before or after me) such issue taking by representation according to the stocks the share which such my deceased son would have taken if living."

The corpus of the trust estate consisted of five pieces of improved real estate in the District of Columbia. While the trustees were authorized in their discretion to sell at public auction or at private sale, or lease any portion or the whole of the corpus of the trust estate, they were required to reinvest the proceeds in other productive real estate. Because of this provision, the trustees were unable to create a capital fund with which to meet capital obligations; the result being that such obligations had at different times been paid out of net income, with the consent of the life tenants, Paul A. and Walter S. Andrews.

Because of existing and maturing capital obligations, the trustees on December 1, 1931, filed their original petition in this cause seeking authority to incumber the trust estate to provide funds to meet maturing capital obligations. Thereafter, on January 19, 1932, the court entered its decree, which recited that, because the sum of $32,982.06 had been taken from the income of the estate and used for capital expenditures, the trustees were "authorized and directed to reimburse and restore to income said amount and to make the necessary adjustment and charges against capital in their accounts to be hereafter submitted to the court, and when the said amount is restored to income, to distribute the same to the life tenants entitled thereto, in quarterly installments of one thousand dollars ($1,000) to each beneficiary."

Both life tenants were then living, but on May 27, 1932, Paul A. Andrews died, leaving a last will and testament which was duly admitted to probate and record in the state of Massachusetts and which appointed his widow (appellee herein) as the executrix thereunder. Prior to May 27, 1932, the trustees paid Paul A. Andrews two quarterly payments of $1,000 each, in accordance with the

decree of January 19, 1932, leaving due from one-half of the sum of $32,982.06 (which under the court's decree had been taken by the trustees from the net income of the trust properties) a balance of $14,491.03.

On August 15, 1932, the trustees filed a supplemental petition alleging that the widow of Paul A. Andrews claimed the unpaid balance ($14,491.03) as executrix, and that the daughter of Paul A. Andrews also claimed such balance as the lawful issue of such deceased life tenant. The trustees, therefore, sought the instruction of the court.

The court ruled that, as the net income accrued, "the trustees were required to pay it to the beneficiaries quarterly each year," and that the use of such net income by the trustees, *with the consent* of the life tenants, was in substance and effect a loan. The court therefore decreed that the life tenant, Paul A. Andrews, had become vested with, and entitled to receive from the trustees, "one half of the sum of $32,982.06, being the amount taken from income in prior years by the trustees of the trust estate * * * with the consent of the beneficiaries entitled thereto," and that upon the death of such life tenant such amount thereof as remained unpaid passed to and became vested in and payable to his estate.

Appellant contends that under the provisions of the will there was no vesting of income until actually paid, and that, the $14,-491.03 not having been paid prior to the death of Paul A. Andrews, amount passed to his daughter (appellant here) as "the lawful issue" of the life tenant.

In our view, the net income of the trust estate became vested in the life tenants during the year in which it was earned, and the trustees were bound to pay it to them in quarterly equal installments. As such income became due and payable, the life tenants, instead of demanding it, elected to loan it to the trustees for the benefit of the estate. The mere fact that they did not go through the idle ceremony of having the trustees make actual payment to the life tenants is of no significance, for in substance and effect the transaction was nothing more nor less than a loan. Moreover, as equity regards that as done which ought to be done (Camp v. Boyd, 229 U. S. 530, 33 S. Ct. 785, 57 L. Ed. 1317), we may assume that such payment was made. The will clothed the trustees with no discretion as to the time when payments of the net income of the trust estate should be made. The provision is: "They (the trustees) *shall* pay the said net rents and income during the continuance of this trust by equal quarter yearly payments *in every year*." (Italics ours.)

The case of Lombard v. Witbeck, 173 Ill. 396, 51 N. E. 61, relied upon by appellant, is not in point, for the simple reason that the trustees in that case were expressly clothed with discretionary power and authority with respect to the disposition of the income of the trust estate.

Decree affirmed, with costs.

Affirmed.